# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CLEVELAND NATHANIEL HIPP,<br><br>    *Plaintiff*,<br><br>v.<br><br>DEPUTY DERRICK LOFTON, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:20-cv-00133-TES-TQL |

## ORDER

*Pro se* Plaintiff Cleveland Nathaniel Hipp, a prisoner most recently incarcerated in the Coastal State Prison in Garden City, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1]. On July 22, 2020, Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee of $35.34. Plaintiff was advised that if circumstances had changed such that he could not pay this amount, he should file a renewed motion for leave to proceed *in forma pauperis* explaining his changed circumstances. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of his Complaint. *See generally* [Doc. 6].

The time for compliance passed with no response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for his failure to comply with the Court's previous orders and instructions.

Plaintiff was again given twenty-one (21) days to comply, and he was warned that the failure to respond would result in the dismissal of his Complaint. *See generally* [Doc. 7].

The time for compliance has again passed without a response from Plaintiff, and the Court's order to show cause was returned to the Court as undeliverable. [Doc. 8]. A search of the Georgia Department of Corrections' online offender query system does not reveal Plaintiff's current whereabouts. *See Online Offender Query*, GA. DEPT. OF CORRS., http://www.dcor.state.ga.us/GDC/Offender/ Query (searched Hipp, Cleveland) (last accessed Nov. 30, 2020). Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* FED. R. CIV. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

---

[1] It appears the statute of limitations may have run or is about to run on Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered Plaintiff to comply with its orders and instructions on numerous occasions and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly

**SO ORDERED**, this 30th day of November, 2020.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**

---

respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).